Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 882 | **DATE** | 8/28/2003 |
| **CASE TITLE** | MARY SCOTT vs. CINTAS CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment [9-1] is denied. The joint final pretrial order and agreed pattern jury instructions shall be presented on September 23, 2003 at 9:00 a.m. Plaintiff's draft shall be submitted to defendant by September 16, 2003. Trial is set on October 6, 2003 at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 29 2003 | |
| | Docketing to mail notices. | | date docketed | 18 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/28/2003 | |
| CB | courtroom deputy's initials | 03 AUG 28 PM 2:32 | date mailed notice | |
| | | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY SCOTT, )
)
          Plaintiff, ) No. 03 C 882
)
v. ) Suzanne B. Conlon, Judge
)
CINTAS CORPORATION, )
) AUG 2 9 2003
          Defendant. )

## MEMORANDUM OPINION AND ORDER

Mary Scott ("Scott") sues Cintas Corporation ("Cintas") for violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* Specifically, Scott claims she was terminated for asserting her rights under the FMLA. Cintas moves for summary judgment pursuant to Fed. R. Civ. P. 56.

## BACKGROUND

All facts are undisputed unless otherwise noted. Cintas designs, manufactures and supplies uniforms to national and international customers. On November 6, 1998, Cintas hired Scott to work as an international shipping clerk.

During Scott's employment, Cintas maintained an hourly attendance policy. Scott denies receiving a copy of the attendance policy, but testified to a working knowledge of its terms. *See* Scott Dep. at 29-31, 33-38, 62. The attendance policy allows each employee a total of ten attendance "occurrences" during the calendar year. An occurrence is defined as an absence of longer than four hours. Employees are charged for 1/3 of an occurrence for tardiness or for leaving work less than four hours prior to the end of the shift. Approved absences under the FMLA are not considered occurrences. Under the policy, employees who are going to be late or absent are required to inform the company by calling a designated call-in line.

1



In December 2000, Ruth Lopez became Scott's supervisor. On February 6, 2001, Scott requested and received FMLA leave to care for her son. Scott was absent from February 26, 2001 until March 12, 2001 with pneumonia. When she returned to work, human resources manager Matthew Wallace assisted Scott in obtaining FMLA leave and short term disability benefits for the absence. Scott was absent to care for her son on April 5, 2001, April 30, 2001 and May 11, 2001. All three absences were considered FMLA leave.

On May 29, 2001, Lopez gave Scott a mid-year review. In the review, Lopez noted that Scott had received 4 1/3 attendance occurrences. Specifically, Scott was absent or tardy on January 10-12 (one occurrence), January 18 (1/3 occurrence), February 13 and 14 (one occurrence), March 26 (1/3 occurrence), April 3 (one occurrence), April 5 (1/3 occurrence) and April 23, 2001 (1/3 occurrence). Thereafter, Scott was charged for occurrences on June 8 (1) and June 28, 2001 (1/3).

From July 2, 2001 until July 16, 2001, Scott utilized FMLA leave to care for her daughter. On July 30, 2001, plaintiff requested and received FMLA leave to cover her absence on July 26, 2001 to care for her son. Thereafter, Scott was charged an occurrence for an absence on August 3, 2001.

On August 13, 2001, Scott claims Lopez refused her request for FMLA leave. Thereafter, Scott left early from work. Scott's calendar reveals she "left at 6:30 a.m. due to a heavy argument with Ruth." Lopez charged Scott with an occurrence.

On August 14, 2001, Lopez claims she gave Scott an oral warning regarding her attendance. According to Scott, Lopez threatened her by telling her if she "took any more days off she would personally terminate" her.

On August 16, 2001, Scott was charged 1/3 of an occurrence for leaving work early. According to Scott, she and Lopez were arguing over her request for FMLA leave. On August 20, 2001, Scott requested and received FMLA leave to care for her son. Thereafter, Scott was absent on August 22 (1 occurrence) and August 28, 2001 (1 occurrence).

2

On August 31, 2001, Scott requested and received intermittent FMLA leave to cover absences on August 29 through August 31, 2001 to care for her husband. Thereafter, Scott requested and received FMLA leave to cover her absences on September 6, 10, 17, 20 and 25 and October 16, 2001.

On October 19, 2001, Scott was late to work. According to Scott, she was approximately 5 minutes late because she had to dress her husband's leg wound. Lopez claims Scott was at least ten to fifteen minutes late because she was pulled over for speeding on the way to work. Scott did not telephone the designated call-in line to inform Lopez she would be late. Lopez charged Scott with 1/3 of an occurrence. Based on a total of 10 1/3 charged occurrences for calendar year 2001, Lopez terminated Scott's employment.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby.*, 477 U.S. at 248. The summary judgment standard is applied with special scrutiny to employment discrimination cases because the outcome may depend on determinations of credibility and intent. *Michas v. Health Cost Controls of Illinois*, 209 F.3d 687, 692 (7th Cir. 2000).

### II. Scott's FMLA Claim

Scott alleges Cintas terminated her for taking FMLA leave. The FMLA "affords employees protection in the event they are discriminated against for exercising their rights under the Act." *King v. Preferred Technical Group*, 166 F.3d 887, 891 (7th Cir. 1999), *citing* 29 U.S.C. § 2615(a)(2) &

3

(b). Both parties rely on the burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to address Scott's claim.

Contrary to the parties' position, the *McDonnell Douglas* framework is inapplicable in cases, like this, where the plaintiff alleges an FMLA-qualifying absence led to her termination. *Bachelder v. America West Airlines*, 259 F.3d 1112, 1125 (7th Cir. 2001). Specifically, FMLA regulations prohibit "the use of FMLA-protected leave as a negative factor in an employment decision." *Id., citing* 29 C.F.R. § 825.220(c). Therefore, "an employee need only prove by a preponderance of the evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to terminate her." *Id.*

Scott asserts Cintas terminated her after inappropriately charging her with an occurrence for an FMLA-qualifying event on October 19, 2001. It is undisputed that Cintas assessed Scott with 1/3 of an occurrence after she arrived late without first notifying Lopez through the designated call-in line. According to Cintas, Scott's failure to utilize the company's procedure for providing advance notice of her tardiness dooms her FMLA claim. *See Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.3d 706, 710 (7th Cir. 2002)(employer may terminate an employee on FMLA leave for failing to comply with company's notice requirements); *Gilliam v. United Parcel Serv., Inc.*, 233 F.3d 969, 971-72 (7th Cir. 2000)(same).

Unlike the plaintiffs in *Lewis* and *Gilliam*, Scott was not terminated for failing to comply with Cintas' notice requirement. Rather, Cintas terminated Scott for being five minutes late. Under the FMLA regulations, Scott had two business days to request FMLA coverage, either under the previously granted intermittent FMLA leave or otherwise, for her absence. 29 C.F.R. § 825.208. According to Scott, she provided timely notice when she arrived at work: she told Lopez that she was late because she was caring for her husband's serious medical condition. Cintas denies Scott's version of events, claiming Scott told Lopez and Wallace that she was late because she was pulled over on her way to work for speeding. This genuine issue of material fact precludes summary judgment in favor of Cintas on Scott's FMLA discrimination claim.

## CONCLUSION

Scott raises a genuine issue of material fact as to whether her tardiness on October 19, 2001 was covered by the FMLA. Therefore, Cintas' summary judgment must be denied.

August 28, 2003                    ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge